IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 09-cr-00301-JLK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.  DANIEL ANDRES MORONES,
3.  JUAN MARTIN RUELAS,

        Defendants.

---

## DISCOVERY PROTECTIVE ORDER

---

THIS MATTER comes before the Court on the United States' Unopposed Motion for a Protective Order for Certain Discovery Materials. The Court, having considered the motion, makes the following findings of fact:

1. The defendants are charged with aggravated assault resulting from an incident involving the defendants while they were inmates at the Federal Correctional Institution in Florence, Colorado. The incident also involved other inmates, some of whom have been charged in separate cases and some of whom have yet to be charged.

2. The Federal Bureau of Prisons (BOP) has produced to the United States Attorney's office records, documents, and materials (hereinafter collectively referred to as "Records") that include the following: (i) floor plans and layouts of the Federal Correctional Institution; and (ii) criminal histories taken from presentence reports of the

defendants, co-actors, and other inmates who may be called as witnesses at trial; (iii) internal documents from the defendants', victim's, and potential witnesses' BOP files, which contain identifying information about the inmates including security designations, disciplinary behavior, homes of record, sentence computations, release information, and other sensitive information.

3. The unprotected production of the floor plans and layouts of the correctional institution poses a potential threat to the security of the facility. The production of the presentence reports and criminal histories requires the divulging of court documents, and the disclosure of information from BOP internal files could affect the inmates' safety and the dissemination of some private or privileged information.

4. The government has produced discovery to defense counsels, but requests entry of a protective order implementing the mechanisms stated below with respect to the records detailed above.

WHEREFORE IT IS HEREBY ORDERED AS FOLLOWS:

1. The government will provide defense counsel with a copy of the records on a separate compact disc. Defense counsel shall keep the records and any notes or other materials prepared based upon or referring to information in these records in confidence and shall use them exclusively in connection with this case (including trial preparation, trial, and appeals or other related legal proceedings) and for no other purpose.

2. The records may be viewed only by defense counsel, the defendant, and members of the defense team, including any defense investigators and staff, as are

necessary for the purposes of preparing a defense in this particular case, and, with respect to staff personnel, the records may only be viewed by necessary staff while they are operating under the supervision and control of defense counsel. Defense counsel shall ensure that all persons in his office, who are to handle such information, read this Order and are informed of their responsibility to safeguard this information.

3. Defense counsel shall make only such copies as are necessary to prepare a defense of this criminal case. Defense counsel shall keep a written record concerning how many copies were made, to whom those copies were delivered, and the dates of delivery. Defense counsel shall also deliver a copy of this order with the materials. No person other than defense counsel shall make any copy of these materials for any purpose whatsoever.

4. No copies of the records shall be provided to the defendant under any circumstances without petition to and further order of the Court. The defendant may be allowed to view the documents, but only while in the direct presence of the defense counsel.

5. A copy of this Order shall be kept with the records at all times.

6. To the extent that the Privacy Act may be asserted as a basis for withholding certain documents or portions of documents requested by defendant, the United States Department of Justice and its agents or representatives are authorized to produce the requested documents because the information contained therein is relevant to the subject matter involved in the pending action or appears reasonably calculated to lead to the

discovery of admissible evidence, and the defendant's need for disclosure of such records outweighs the Privacy Act's concerns against disclosure so long as these appropriate protective measures are taken.

7. At the conclusion of the case in this court, by entry of the Court's judgment, counsel within ten days shall collect all such copies and return them to the government.

DATED this 12th day of August, 2009.

BY THE COURT:

*s/John L. Kane*
JOHN L. KANE, SENIOR JUDGE
UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO